IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                          Criminal Case No. 3:23cr55

**RAYMOND LAMONT SEWARD,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Raymond Lamont Seward's Motion to Dismiss the Indictment (the "Motion"). (ECF No. 21.) In the Motion, Mr. Seward contends that his indictment under 18 U.S.C. § 922(g)(1)[1] is unconstitutional both facially and as applied to him because it "violates his Second Amendment right to keep and bear arms." (ECF No. 21, at 1, 6–17.)

Mr. Seward asks the Court to dismiss the indictment against him for possession of a gun as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21, at 2.) For the reasons that follow, the Court will deny the Motion. (ECF No. 21.)

---

[1] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
        *   *   *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, a firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual and Procedural Background

### A. Factual Background

"On February 4, 2023, officers with the Richmond Police Department observed Mr. Seward in the driver's seat of a parked vehicle" and "saw Mr. Seward hand an object to the passenger in the vehicle before exiting the vehicle" and walking into a nearby convenience store. (ECF No. 21, at 2; ECF No. 24, at 3.) "Officers then approached the passenger side of the vehicle and observed the passenger concealing a drum magazine in her lap." (ECF No. 21, at 2; ECF No. 24, at 3.) "Another officer approached the driver's side of the vehicle and observed the object being concealed by the passenger to be a firearm" and shouted "'gun, gun.'" (ECF No. 21, at 2; ECF No. 24, at 3.) "Officers then opened the passenger door and secured the firearm in the passenger's lap." (ECF No. 24, at 3; ECF No. 21, at 2.) "[O]fficers entered the store and detained [Mr. Seward]" inside the store. (ECF No. 24, at 3; ECF No. 21, at 2.) "Officers notified [Seward] of his Miranda rights, and [Seward] subsequently told officers that he gave the firearm to the passenger." (ECF No. 24, at 3.)

Mr. Seward "has previously been convicted in this Court of possession of ammunition by a convicted felon in 2022, and of possession of an unregistered firearm in 2007. . . . [and] also has prior state felony convictions for weapon possession by a felon and voluntary manslaughter." (ECF No. 24, at 4.)

### B. Procedural Background

On May 2, 2023, a federal grand jury indicted Mr. Seward for knowingly possessing a gun as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 11, at 1.) Mr. Seward was in federal custody at the time of the indictment. (ECF No. 13, at 1.) On May 11, 2023, Mr. Seward appeared for his arraignment and pled not guilty, and the case was set for a jury trial. (ECF No.

2

14, at 1.) A Plea Agreement Hearing was set for July 20, 2023. (ECF No. 22, at 1; ECF No. 21, at 3.) However, six days before the scheduled Plea Agreement Hearing, on July 14, 2023, Mr. Seward moved to dismiss the indictment, arguing that his indictment under 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to him because it "violates his Second Amendment right to keep and bear arms." (ECF No. 21, at 1, 6–17.) On July 18, 2023, Mr. Seward filed a Status Report explaining his belief that "based upon recent cases there is an issue as to the constitutionality of 18 U.S.C. § 922(g)(1)." (ECF No. 22, at 1; *see also* ECF No. 21, at 3.)

## II. Standard of Review

### A. Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12[2] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Seward raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 21, at 1, 6.) "Fed. R. Crim. P. 12(b)(3)(B)[3] permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.

---

[2] Rule 12(b)(1) states:

(b) PRETRIAL MOTIONS.

(1) *In General.* A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

Fed. R. Crim. P. 12(b)(1).

[3] Rule 12(b)(3)(B) states:

Supp. 2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Riley*, 635 F. Supp. 3d 411, 416 (E.D. Va. 2022); *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *7 (E.D. Va. Aug. 31, 2023); *United States v. Kearney*, No. 4:23-CR-29 (JKW), 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023) (citing *Riley*, 635 F. Supp. 3d at 416).

B. **Facial and As-Applied Challenges**

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its

---

(b) PRETRIAL MOTIONS.
    \*    \*    \*
    (3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
    \*    \*    \*
    (B) a defect in the indictment or information, including;

        (i) joining two or more offenses in the same count (duplicity);

        (ii) charging the same offense in more than one count (multiplicity);

        (iii) lack of specificity;

        (iv) improper joinder; and

        (v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B).

applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

By contrast, "[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

In his Motion to Dismiss the Indictment, Mr. Seward presents both facial and as-applied challenges to the constitutionality of § 922(g)(1), contending that his prosecution under this statute violates the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 597 U.S. 1 (2022). (ECF No. 21, at 1, 6.) First, Mr. Seward argues that "[t]he Second Amendment's plain text protects the right of 'the people,' not only 'law-abiding, responsible' people, to bear arms." (ECF No. 21, at 6.) Second, Mr. Seward states that because "there was no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to § 922(g)(1)[,]" and because "felons were affirmatively required to possess firearms as members of the militia[,] . . . the government cannot meet its heavy burden at *Bruen* Step Two of showing that § 922(g)(1) is 'consistent with the Nation's historical tradition of firearm regulation.'" (ECF No. 21, at 14–16 (quoting *Bruen*, 597 U.S. at 24).)

The United States, in contrast, argues that "[u]nder Supreme Court and Fourth Circuit law, § 922(g)(1) is presumptively lawful" but that even "if the Court chooses to undertake a full *Bruen* analysis, Seward's argument fails a[t] both steps because (1) the Second Amendment does

5

not cover the possession of firearms by felons and (2) restricting Second Amendment rights to 'law-abiding' citizens is consistent with the Nation's historical traditions." (ECF No. 24, at 12.)

The Court has already carefully considered and denied each of the *Bruen*-based arguments set forth in Mr. Seward's Motion.[4] *See United States v. Hill*, --F. Supp. 3d--, No. 3:23-CR-114 (MHL), 2023 WL 8238164, at *7 (E.D. Va. Nov. 28, 2023) (holding that "[u]nder an analytical framework permissible even after *Bruen*", existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to both violent and non-violent felons remains binding) (citing *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012)).[5] Other courts in this district have persuasively done the same. *See, e.g.*, *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *6 (E.D. Va. Aug. 31, 2023); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D.

---

[4] Regarding the historical record presented by the defendant, the Court has already considered a nearly identical record to the one before it today. *See United States v. Greene*, 3:22-CR-156 (MHL), 2023 WL 8881462 (E.D. Va. Dec. 12, 2022). For instance, in support of his Motion to Dismiss the Indictment, Mr. Seward, like Mr. Greene, cites to and attaches Congress's first Militia Act, Act of May 8, 1792, § 1, 1 Stat. 271 (the "First Militia Act"). (ECF Nos. 21, at 15–16; 21-1.) Mr. Seward, like Mr. Greene, also cites to and attaches eight state militia statutes passed shortly before or after the Second Amendment's ratification. (ECF Nos. 21, at 16; 21-2.) Further, the Government's response in *Greene* and *Hill* are similar.

The defendant in *United States v. Hill* also cited to and attached both sets of the above sources in his briefing. *See* --F. Supp. 3d--, 2023 WL 8238164 (ECF Nos. 15, at 15–16; 15-1; 15-2). *Hill*, however, had a greatly expanded record, especially that presented by the United States. Nothing in the *Hill* record, nor in the *Greene* record nearly identical to this one, alters this Court's analysis here. *See id; see also Greene*, 2023 WL 888462, at *3 n.2.

[5] In *Hill*, this Court suggested in the alternative that if it "were required to opine on the constitutionality of § 922(g)(1) under *Bruen*, [it] would find, on [that] limited record, that felons are not covered by the plain text of the Second Amendment because they are not, and never were, 'among "the people" whose conduct the amendment protects.'" *Hill*, 2023 WL 8238164, at *9 (quoting *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *8 (E.D. Va. Aug. 31, 2023)). Furthermore, this Court stated in *Hill* that *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023), a case upon which Mr. Seward heavily relies, is neither binding nor persuasive. *Id.* at *17 n.38.

6

Va. 2022); *United States v. Finney*, No. 2:23-CR-13 (JKW), 2023 WL 2696203, at *3 (E.D. Va. Mar. 29, 2023). This Court sees no reason to deviate from this prior analysis and instead adopts in full the reasoning previously set forth in its decision in *United States v. Hill*. *See* 2023 WL 8238164.

### IV. Conclusion

For the foregoing reasons, the Court will deny Mr. Seward's Motion to Dismiss the Indictment. (ECF No. 21.)

An appropriate Order shall issue.

Date: 1/19/24
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge